IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **KIMBERLY MONDS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **JURY DEMAND** |
| v. ) | **CIVIL ACTION NO. 3:12-cv-01147** |
| ) | **JUDGE ALETA A. TRAUGER** |
| **WATKINS TRUCKING COMPANY, INC.** ) | |
| **and CARL EDWARD NELSON,,** ) | |
| ) | |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

**I.  Jurisdiction and Venue.**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Venue is proper pursuant to 28 U.S.C. § 1391(a) because the wreck giving rise to this action occurred in Williamson County, Tennessee.

**II.  Parties' Theories of the Case.**

**1.  Plaintiff's Theory of the Case.**

On August 14, 2012 Plaintiff Kimberly Monds was driving her vehicle on I-65 heading southbound near mile marker 65 in Williamson County when she was struck from the rear by Defendant Carl Nelson who was operating a tractor-trailer owned by Watkins Trucking Company. After he hit her vehicle, Defendant Carl Nelson violently rammed Ms. Monds' vehicle at a high-rate of speed in an attempt to flee the scene of the wreck and evade law enforcement because he was in violation of the Federal Motor Safety Carrier Regulations. When Defendant Carl Nelson was stopped by the Tennessee Highway Patrol in close proximity to the scene of the wreck, Schedule II drugs and Schedule III drugs, including methamphetamine or "crystal meth" were found

inside the cabin of Watkins Trucking Company's tractor-trailer.

Defendant Carl Nelson was negligently using a cell phone, texting, or otherwise distracted while driving down the highway without regard to the safety of the public and the citizens of Tennessee. Defendant Watkins Trucking Company failed to train and supervise Defendant Carl Nelson to safely drive the tractor-trailer before permitting him to drive the company's tractor-trailer.

**2.  Defendant's Theory of the Case.**

Watkins Trucking Company, Inc. and Carl Edward Nelson deny any act or omission on their part which proximately caused any injury or damage to the plaintiff. At this point of the litigation, with discovery having not yet started, so as not to waive the ability to do so, the defendants will assert the comparative fault of the plaintiff in the matter in causing and/or contributing to the accident in question.

**III.  Schedule of Pretrial Proceedings.**

**A.  Mandatory Initial Disclosures:**

Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 14 days after the Initial Case Management Conference [or such other deadline as the Court approves].

**B.  Discovery:**

Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

### C. Dispositive Motions:

Briefs shall not exceed 20 pages. No motion for **partial** summary judgment shall be filed except upon leave of Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the Court.

All dispositive motions and Daubert motions shall be filed by the close of business on January 15, 2014. Responses to dispositive motions shall be filed within twenty-five (25) days after service. Optional replies shall be filed within fifteen (15) days after the service of the response.

### D. Other Pretrial Discovery Matters:

All discovery shall be completed by the close of business on September 30, 2013. All written discovery shall be submitted in sufficient time so that the response shall be in hand by August 15, 2013. All discovery related motions shall be filed by the close of business on October 30, 2013. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

E.  **Motions to Amend:**

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadlines.

There shall be no stay of discovery pending disposition of any motions.

F.  **Disclosure of Experts and Depositions of Experts:**

By the close of business on <u>September 15, 2013</u>, the plaintiff shall declare to the defendants (<u>not</u> to file with the Court) the identity of her expert witnesses and provide all the information specified in Rule 26(a)(2)(B). The defendants may take the depositions of such expert(s) on or before <u>November 1, 2013</u>.

By the close of business on <u>December 1, 2013</u>, the defendants shall declare to the plaintiff (<u>not</u> to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B). The plaintiff may take the depositions of such expert(s) on or before <u>January 15, 2014</u>.

Any rebuttal reports shall be submitted by the close of business on <u>February 7, 2014</u>. There shall not be any rebuttal expert witnesses.

G.  **Joint Mediation Report:**

The parties shall submit a Joint Mediation Report on or before October 1, 2013.

**H. Electronic Discovery:**

The parties have reached agreements on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order Number 174 need not apply to this case.

**I. Estimated Trial Time:**

The parties expect the trial of this matter to last approximately 2 to 3 days.

It is so **ORDERED**.

**ENTERED** this the  24th  day of January, 2013.

_____
JUDGE ALETA A. TRAUGER
United States District Court Judge


**APPROVED FOR ENTRY**:


/s/ Joe Napiltonia/with permission Charles Duke
Joe Napiltonia, BPR No. 026881
Law Office of Joe Napiltonia
219 Third Avenue North
Nashville, Tennessee 37064
(615) 734-1199
joenap@navyseallawyer.com

*Attorneys for Plaintiff, Kimberly Monds*