UNITED STATES DISTRICT COURT
MIDDLE DISTRCT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| KIMBERLY MONDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:12-cv-1147 |
| v. | ) |
| | ) JURY DEMAND |
| WATKINS TRUCKING COMPANY, INC. | ) |
| and CARL EDWARD NELSON, | ) JUDGE TRAUGER |
| | ) MAGISTRATE JUDGE KNOWLES |
| Defendants. | ) |

**AGREED QUALIFIED PROTECTIVE ORDER**
**FOR RELEASE OF MEDICAL AND EMPLOYMENT RECORDS**

Upon agreement of the parties, by and through counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure; 45 CFR § 160 and § 164 of the Health Insurance Reportability and Accountability Act ("HIPAA"), which specifically states that "a covered entity may disclose protected health information in the course of any judicial or an administrative proceeding: (i) in response to an Order of a Court or a Administrative Tribunal provided that the covered entity discloses the protected health information expressly authorized by such Order" and pursuant to 38 U.S.C. § 7332(b)(2)(D) and for good cause shown, it is hereby:

ORDERED, ADJUDGED AND DECREED that the firm of Mink & Duke, PLLC (hereinafter "defense firm") or its designated representatives shall be allowed, by written request only, to inspect and/or obtain copies of employment records, medical records, medical reports, medical charts, psychiatric records, psychological records, x-ray films, diagnostic studies, pharmacy/prescription records, and itemized billing records including, but not limited to, protected health information as that term is defined at 45 CFR Part 160 and Part 164 (HIPAA

Privacy Rule) (Collectively the "Medical Information"), related to the care and treatment of plaintiff, Kimberly Monds (hereinafter "plaintiff").

Defense Firm, or its designated representatives, shall pay all costs of obtaining copies of aforesaid documents and will provide copies of said medical and/or employment information obtained pursuant to this Order with 10 (ten) days of receipt to plaintiff's attorney, Joseph A. Napiltonia, at no charge. Any request for medical or employment records pursuant to this Agreed Qualified Protective Order will be copied to counsel for plaintiff at the time said request is sent.

This Order **does** require defense firm, or its designated representatives, to notify plaintiff's attorney in writing if records are reviewed but not copied, and such notification shall specify in sufficient detail which records have been reviewed but not copied. This Order **does not** permit ex parte communications between the lawyers of Defense Firm or their representatives and the healthcare providers or employers.

The information obtained through use of this Order, or through written discovery between the parties, may only be used or disclosed for the purposes of this litigation or proceeding. Except with the prior written consent of the producing party, the information produced pursuant to this Order shall not be disclosed to any person other than (a) counsel for the parties, (b) employees or agents of counsel for the parties, (c) any current or former employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation (d) experts and consultants retained for the prosecution or defense of this litigation (e) any authors or recipients (in the ordinary course of the healthcare providers business) of the medical information or (f) the Court, court personnel, court reports or, and witnesses. Defense Firm and its designated representatives are prohibited from using or disclosing the protected

health information for any purpose other than the litigation or proceedings for which such information was requested, and neither they, nor their agents, nor employers shall re-disclose such information to third-parties, including specifically providing such information in any insurance industry index system or similar data sharing system.

Defense Firm, or its designated representatives, will return to the covered entity, the protected health and employment information, or destroy said information at the conclusion of this litigation, within 30 days.

All requests for records under this Order shall be made prior to (90) ninety days preceding any established trial date.

This Order shall expire upon final disposition of this case, and Defense Firm and its designated representative shall be prohibited from using the Order thereafter. All information obtained pursuant to this Order, and all copies thereof, will be returned to the covered entity or destroyed within a reasonable time period after the conclusion of this litigation or proceeding, whether by trial, appeals, settlement or other final conclusion, in any event, to be no more than 30 days after same.

Entered this the 22nd day of February, 2013.

_____
JUDGE ALETA A. TRAUGER
United States District Court

**APPROVED FOR ENTRY**:

/s/ Joe Napiltonia with permission Charles M. Duke
Joe Napiltonia, BPR No. 026881
Law Office of Joe Napiltonia
219 Third Avenue North
Nashville, Tennessee 37064
(615) 734-1199
joenap@navyseallawyer.com

*Attorneys for Plaintiff, Kimberly Monds*

/s/ Charles M. Duke
Charles M. Duke, BPR No. 23607
Thomas F. Mink, II, BPR No. 006067
219 Second Avenue North, Suite 400
P.O. Box 198742
Nashville, Tennessee 37219
Telephone: (615) 256-0138
Facsimile: (615) 730-5997
tmink@minkdukelaw.com
 mduke@minkdukelaw.com

*Attorneys for Defendants Watkins Trucking Company, Inc. and Carl Nelson*