IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIMBERLY MONDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) CASE NO. 3:12-1147 |
| vs. | ) JUDGE TRAUGER/KNOWLES |
| | ) |
| | ) JURY DEMAND |
| | ) |
| WATKINS TRUCKING CO., INC. and | ) |
| CARL EDWARD NELSON, | ) |
| | ) |
| Defendants. | ) |

# ORDER

This matter is before the Court upon "Plaintiff's Motion for Sanctions for Failure of Carl Nelson to Attend His Deposition." Docket No. 33. Plaintiff has also filed the Declaration of one of her counsel and a Memorandum of Law. Docket Nos. 33-3, 33-10. Defendants have filed a Response in Opposition to the Motion (Docket No. 35), a supplemental Response to the Motion (Docket No. 41), and the Affidavit of one of their counsel (Docket No. 41-1). Judge Trauger has referred the Motion to the undersigned for disposition. Docket No. 44.

This diversity case involves a motor vehicle accident that occurred on August 14, 2012, on Interstate 65 in Williamson County, Tennessee. Docket No. 1. Plaintiff avers that she was driving southbound on I-65 and that Defendant Carl Nelson was driving a tractor-trailer owned and operated by Defendant Watkins Trucking Company. Plaintiff avers that Defendant Nelson struck the rear of her vehicle at a high rate of speed. Plaintiff further avers that Defendant Nelson violently and recklessly rammed Plaintiff's vehicle in an attempt to flee the scene of the

wreck. When he was stopped by the Tennessee Highway Patrol, Schedule II Drugs and Schedule III Drugs, including Methamphetamine or "crystal meth" were found inside the cab of the truck. Plaintiff further alleges that Defendant Nelson was using a cell phone, texting, or otherwise distracted.

Plaintiff filed her Complaint on November 6, 2012. Docket No. 1. Judge Trauger subsequently entered an Order setting the case for trial on June 10, 2014. Docket No. 10. Judge Trauger also entered an Initial Case Management Order, setting a discovery cut-off deadline of September 30, 2013, and a dispositive Motion deadline of January 15, 2014. Docket No. 12.

Thereafter, the parties filed an "Agreed Motion to Extend Discovery Deadlines," requesting a 60-day extension to complete fact and expert discovery. Docket No. 20. Judge Trauger granted that Motion. Docket No. 21.

On November 15, 2013, the parties filed a "Joint (Second) Motion to Amend Scheduling Order." Docket No. 26. Among other things, that Motion sought an extension of the fact discovery deadline to December 30, 2013, and the dispositive motion deadline to April 7, 2014. *Id*., p. 1. The Motion further stated, "As grounds for this motion, the Parties show Defendants were not available for deposition until November 25th, 2013, which now has been scheduled." *Id*. Docket No. 26. Judge Trauger granted that Motion in part, extending the fact discovery deadline to December 30, 2013. Docket No. 30. Judge Trauger's Order also provided, "In light of the agreement of the parties that no dispositive motions will be filed, the trial date shall remain in place."

According to the instant Motion, Plaintiff's counsel made numerous attempts to set Defendant Nelson's deposition. He initially filed deposition notices for both Defendant Nelson

2

and a corporate representative of Defendant Watkins to be taken on November 25, 2013, in Nashville. See Docket Nos. 27, 28. Defendants' counsel sought to move the date of the depositions to December 5, 12, or 13. Additionally, Defendants' counsel "insisted" that the depositions take place in Birmingham. Plaintiff's counsel agreed and reset the depositions for December 12 in Birmingham.

On December 10, 2013, Defendant's counsel advised Plaintiff's counsel that Mr. Nelson would be out of town and would not be in attendance at his deposition. Plaintiff's counsel responded that he intended to proceed with Mr. Nelson's deposition at the scheduled time. The Motion states that Plaintiff's counsel appeared on December 12 in Birmingham for the deposition, but that Mr. Nelson did not.

Defendants' counsel later advised Plaintiff's counsel that Mr. Nelson would be produced in Nashville during the last week of December for his deposition. Mr. Nelson, however, did not appear, and discovery closed on December 30, 2013. On January 3, 2014, Plaintiff filed the instant Motion.

It should be noted that the instant Motion is a Motion only for sanctions; it is not a Motion to Compel. Plaintiff seeks sanctions against Defendants pursuant to Fed. R. Civ. P. 37(d)(1)(A)(I). Plaintiff seeks to strike portions of Defendants' Answer and defenses. Plaintiff also seeks attorneys' fees and expenses in the total amount of $5,006.56 ($4,675.00) in attorneys' fees and $331.56 in expenses). The attorneys' fees represent 5 hours "in preparation and review of discovery materials," 6 hours in travel time to and from Birmingham, and 1 hour in travel time to the deposition from a hotel in Birmingham. Docket No. 33-3, p. 3. Counsel also seeks 5 hours of attorneys' fees for "drafting and filing this present Motion with

attachments." Docket No. 33-3, p. 4.  Counsel states that his customary hourly rate is $275 per hour, which for 17 hours equals $4,675.00.  Counsel also seeks a total of $331.56 in expenses, representing a hotel charge of $111.21, plus $220.35 in mileage expenses (56.5 cents for 390 miles).

Defendants argue in their Response that the sanctions sought by Plaintiffs are harsh and unwarranted, even though Defendants admit that Mr. Nelson did not appear for his deposition. Docket No. 35.  According to Defendants, Plaintiff's counsel did not begin to seek dates for the two depositions referred to above until early November 2013.  Defendants argue that Mr. Nelson's deposition was scheduled based upon prior conversations with him.  On December 10, 2013, however, Mr. Nelson contacted counsel for Defendants, advised that he was out of state working,[1] and would be unable to attend a deposition on December 12.  Defendants' counsel immediately contacted Plaintiff's counsel and advised him of the situation.  *Id*., p. 4.

There was, however, no problem with the company representative for Watkins giving her deposition on December 12 in Birmingham, and she did so.  *Id.,* p.4-5.

Thereafter, Defendants' counsel made continuing attempts to contact Mr. Nelson to have him come to Nashville to be deposed.  Those efforts, however, proved unsuccessful.  Defendants further state:

> A private investigator has been secured to locate Mr. Nelson.
> Once Mr. Nelson is located, counsel for the defendants will
> immediately arrange for him to Franklin, Tennessee, so that
> plaintiff's counsel can complete the requested deposition.  Every

---

[1] Neither party discusses whether Mr. Nelson is still a truck driver.  Additionally, neither party discusses whether Mr. Nelson is still employed by Defendant Watkins, although the Court presumes that he is not.

4

effort is being extended to have Mr. Nelson appear.

*Id.*, p. 5.

Plaintiff seeks sanctions pursuant to Fed. R. Civ. P. 37(d), which provides in relevant part:

> (d) Party's Failure To Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.
>
> (1) In General.
>
> (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
>
> (i) a party . . . fails after being served with proper notice, to appear for that person's deposition . . . .
>
> . . .
>
> (3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Rule 37(b)(2)(A) provides in relevant part:

> (2) Sanctions Sought in the District Where that Action Is Pending.
>
> (A) For Not Obeying Any Discovery Order. If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party . . . .

The Sixth Circuit discussed the propriety of a district court's imposing sanctions under Rule 37 in *Beil v. Lakewood Engineering and Manufacturing Co.,* 15 F.3d 546 (6th Cir. 1994). The *Beil* Court in part:

> A district court's decision to invoke Rule 37 sanctions is reviewed by this court for an abuse of discretion. . .
>
> In deciding whether the district court acted unreasonably, arbitrarily or fancifully, this court has announced several factors that it should consider when deciding whether the district court abused its discretion by imposing sanctions. Among the factors are: (1) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery, (2) whether the dismissed party was warned that failure to cooperate could lead to dismissal, and (3) whether less drastic sanctions were imposed or considered before dismissal was ordered . . . .
>
> Dismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault.

115 F.3d at 552 (citations and internal quotation marks omitted).

The Sixth Circuit has also stated, "Dismissal is generally imposed only for egregious misconduct, such as *repeated* failure to appear for deposition . . . ." *Regional Refuge Systems v.*

6

*Inland Reclamation Co.,* 842 F.2d 150, 155 (citation omitted, emphasis in original).

Under the circumstances, the Court agrees that the sanctions sought by Plaintiff are overly harsh and punitive. Defendant Nelson failed to appear for one properly noticed deposition. Two days before the deposition was to occur, he gave notice to his attorneys that he would be out of town working and unable to attend. Moreover, Plaintiff filed her Complaint on November 6, 2012. According to Defendant's Response to the instant Motion, Plaintiff did not express a desire to take Defendant Nelson's deposition until early November 2013. Additionally, the parties had filed two Motions to extend deadlines in the Initial Case Management Order, and it does not appear that Plaintiff's counsel was in any particular hurry to take Mr. Nelson's deposition.

Applying the factors discussed above, the Court concludes that Plaintiff has not been overly prejudiced by Mr. Nelson's failure to appear for his deposition. As discussed above, counsel's trip to Birmingham was not a waste of time. Additionally, the trial of this case is set for June 10, 2014. The parties have agreed that they will not file dispositive Motions. Thus there is plenty of time for Mr. Nelson's deposition to occur. Second, insofar as the record shows, Mr. Nelson was not warned that failure to cooperate could lead to dismissal. The Court does not emphasize this factor, because Mr. Nelson is represented by counsel, who presumably understands the possible sanction of dismissal and/or default. Third, less drastic sanctions were not sought or imposed. As discussed above, Plaintiff has not sought to compel Mr. Nelson to appear for a deposition, although Plaintiff does not necessarily have to do this under Rule 37(d).

The attorneys' fees and expenses sought by Plaintiff are quite surprising. In her Motion and in the Declaration of her counsel, Plaintiff essentially glosses over the fact that her counsel's

trip to Birmingham was not a wasted trip. In fact, Plaintiff's counsel actually took the deposition of the corporate representative as he had requested. The Court is rather astounded that Plaintiff's counsel would attempt to claim more than $5,000 in attorneys' fees and expenses for his trip to Birmingham when he would have generated the same fees and incurred the same expenses in traveling to Birmingham for only one deposition (the deposition of the corporate representative that he actually took).[2] These circumstances would "make an award of expenses unjust." *See* Fed. R. Civ. P. 37(d)(3).

As discussed above, applicable Rules allow the Court to "issue further just orders." Under the circumstances, the Court concludes that the appropriate sanction for Mr. Nelson's failure to appear at his deposition is an Order from the Court requiring him to give a deposition.

Therefore, Defendant Carl Nelson is hereby ORDERED to present himself for a deposition in Nashville, Tennessee, within thirty (30) days of entry of the instant Order. If he fails to do so, the undersigned will recommend that a default judgment be entered against him.

In all other respects, the instant Motion, including the request for attorneys' fees and expenses (Docket No. 33) is DENIED.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge

---

[2] Plaintiff's counsel makes no attempt to separate the time he spent preparing for Mr. Nelson's deposition versus the time he spent preparing for the deposition of the Watkins' representative. Even the time he spent preparing for Mr. Nelson's deposition will not be wasted, however, if Plaintiff's counsel is able to take Mr. Nelson's deposition.